**Thomas W. O'BRIEN, III, Plaintiff–Appellant,**

v.

**MESA PERSONNEL APPEALS BOARD, a subdivision of the City of Mesa; et al., Defendants–Appellees.**

**No. 01–16988.**

**D.C. No. CV–00–02361–JAT.**

United States Court of Appeals, Ninth Circuit.

Submitted Oct. 7, 2002.*

Decided Oct. 11, 2002.

Before FERNANDEZ, GRABER, and GOULD, Circuit Judges.

MEMORANDUM**

Thomas W. O'Brien, III appeals pro se the district court's order dismissing his 42 U.S.C. § 1983 action alleging violation of Arizona's open meeting law, witness intimidation, and violation of due process. We have jurisdiction pursuant to 28 U.S.C. § 1291. We review de novo a district court's dismissal based on res judicata, *W. Radio Servs. Co. v. Glickman*, 123 F.3d 1189, 1192 (9th Cir.1997), and we affirm.

The district court properly concluded that res judicata bars the claim that defendants' violation of Arizona's open meeting law violated his due process because this issue was decided in O'Brien's prior state action.[1] *See Olson v. Morris*, 188 F.3d

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

* This panel unanimously finds this case suitable for decision without oral argument, and denies O'Brien's request for oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

1. *O'Brien v. Mesa*, No. CA–CV 98–0228 (Ariz. App. Dec. 16, 1999) (unpublished memorandum decision).

1083, 1085–86 (9th Cir.1999); *Hall v. Lalli,* 194 Ariz. 54, 977 P.2d 776, 779 (1999) (res judicata will preclude a claim that was or might have been determined in the former action).

The district court also properly concluded that res judicata bars the claim that the defendants intimidated witnesses in O'Brien's 1991 administrative hearing because this claim could have been litigated in the prior action. *See Olson,* 188 F.3d at 1086.

O'Brien's contention that the City of Mesa violated his liberty interests and due process rights by: 1) refusing to allow him to reapply for future employment, and 2) by maintaining a personnel rule prohibiting terminated employees from reapplying for employment is not persuasive because he does not have a liberty interest in working for any specific employer. *See Llamas v. Butte Community College Dist.,* 238 F.3d 1123, 1128 (9th Cir.2001).

**AFFIRMED.**